UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

KEITH BENNETT-JOHNSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

---

Civil No. 11-3645 (SRN/LIB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In 2009, Petitioner was indicted in Illinois for filing a false lien against a federal official, in violation of 18 U.S.C. § 1521.[2] In 2010, a jury found Petitioner guilty of the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

[2] It appears that Petitioner was indicted in the Central District of Illinois, but the case was transferred to the Southern District of Illinois, because all of the judges in the Central District were familiar with the victim, (a federal probation officer).

charged offense, and he was subsequently sentenced to 41 months in federal prison. Petitioner is presently serving his sentence at the Federal Medical Center in Rochester, Minnesota.

Petitioner did not challenge his § 1521 "false lien" conviction on direct appeal. However, in April 2011, he filed a motion in the trial court, seeking to have his conviction and sentence vacated pursuant to 28 U.S.C. § 2255. That motion is still pending before the trial court at this time.[3]

Petitioner's current habeas corpus petition was filed on December 20, 2011. The petition presents a single claim for relief, which Petitioner has summarized as follows:

> "Statute 1521 of Title 18 is clearly unconstitutional – in violation of Constitutional structure principles, as well as: (see memorandum) and evidence attached (justice delayed is justice denied)."

(Petition, [Docket No. 1], p. 3, ¶ 9.) Petitioner has filed a memorandum in support of his petition, (Docket No. 2), which presents several challenges to the constitutionality of 18 U.S.C. § 1521.

For the reasons discussed below, the Court finds that Petitioner's current habeas corpus petition cannot be entertained in this District, and this action must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his

---

[3] Petitioner's § 2255 motion is pending in the Southern District of Illinois. The record in that matter is accessible to this Court by means of the Electronic Case Filing ("ECF") procedures maintained by the federal judiciary. Petitioner's § 2255 motion proceedings have been given a new case number: No. 3:11-CV-288-DRH. The Court will refer to filings in the § 2255 proceedings by the docket number used by the Clerk of Court for the Southern District of Illinois – i.e., "No. 3:11-CV-288-DRH, Doc. # __."

conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner obviously is challenging the validity of his "false lien" conviction in Illinois in 2010. He claims that he is innocent of the crime for which he was

convicted because the statute that he violated, 18 U.S.C. § 1521, allegedly is unconstitutional. Because Petitioner is directly challenging the validity of his conviction and sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here. However, Petitioner has made no effort to show that the savings clause could properly be applied in this case, and it is readily apparent that, in fact, the savings clause is not applicable here.

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.

Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in both a direct appeal and in his still-pending § 2255 motion. Petitioner has cited no new law, and he has presented no new evidence, that was previously unavailable to him. He cannot claim that § 2255 is "inadequate or ineffective" simply because he may have failed to raise his current claims for relief on direct appeal or because his § 2255 motion is still pending. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause is not applicable for Petitioner's current claims, because he has not shown, (or even suggested), that his claims could not have been raised before now. Because Petitioner had an adequate procedural opportunity to raise his current claims in the past, he is barred from bringing those claims in a new § 2241 habeas corpus petition at this time. See Abdullah, 392 F.3d at 963 ("'[The savings clause] does not exist to free a prisoner of the effects of his failure to raise an available claim earlier'"), (quoting Wolford, 177 F.3d at 1245).

In several of Petitioner's current submissions, he has asserted that "justice delayed is justice denied." This suggests that Petitioner might be dissatisfied with the pace of his pending § 2255 proceedings in the trial court, and he might be trying to circumvent the prescribed procedure for collaterally attacking his conviction, (namely a § 2255 motion), by seeking habeas relief under § 2241. It does appear that Petitioner's § 2255 motion has been pending in the trial court for several months. However, it also appears that the resolution of that motion has been delayed (at least in part) because Petitioner applied for, and was granted, leave to add new arguments in support of his motion. (No. 3:11-CV-288-DRH, "Motion To Accept Memorandum In Support Of 2255 Before This Court," filed

5

September 19, 2011, [Doc. # 7]; "Text Order," entered September 19, 2011, [Doc. # 9].)[4]

The latest briefing in Petitioner's § 2255 case was filed just a few weeks ago. (No. 3:11-CV-288-DRH, Doc. # 13.[5]) It is therefore obvious that Petitioner filed his current § 2241 petition without giving the trial court a fair opportunity to address his § 2255 motion. Petitioner cannot credibly contend that § 2255 is an inadequate or ineffective remedy, simply because the trial court judge has not decided his pending § 2255 motion within a matter of weeks after the last brief was filed.

Petitioner has cited no legal authority that would allow him to collaterally attack his criminal conviction outside of the District in which he was convicted, simply by invoking the aphorism that "justice delayed is justice denied." If Petitioner believes that the adjudication of his pending § 2255 motion has been unduly delayed, (even though it apparently has been ripe for only a few weeks), he will have to present his concerns to the trial court, or to apposite supervising appellate court, (i.e., the Seventh Circuit Court of Appeals).

## III.   CONCLUSION

Petitioner's § 2241 habeas corpus petition challenges the validity of his 2010 federal criminal conviction in Illinois. Therefore, the claims that Petitioner is attempting to raise in his petition cannot be adjudicated on the merits in a § 2241 habeas corpus proceeding,

---

[4] It appears that some of the new arguments offered by Petitioner, and accepted by the trial court, might be the same arguments advanced in Petitioner's current § 2241 habeas corpus petition – i.e., that the statute under which he was convicted is unconstitutional, for a variety of reasons. (No. 3:11-CV-288-DRH, "Memorandum In Support Of 2255 Filed 4-11-2011 And Addendum Thereto," filed September 19, 2011, Doc. # 8, at pp. 13-15.) The Petitioner apparently is trying to raise the same arguments in two different courts at the same time.

[5] A copy of that brief was filed as an Exhibit in support of the petition in the present case. (Docket No. 3.)

unless the savings clause is applicable. Because Petitioner's current claims for relief could have been raised in the trial court in a direct appeal, or in his pending § 2255 motion, the savings clause is not applicable here. Moreover, § 2255 is not an inadequate or ineffective remedy simply because Petitioner is dissatisfied with the pace of his pending § 2255 motion proceedings.

Because the savings clause is not applicable, this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner failed to show that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated: December 22, 2011

                 s/Leo I. Brisbois
                 LEO I. BRISBOIS
                 United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 5, 2012**, a writing that specifically identifies the portions of the Report to which objections are

made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.