**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Keith Bennett-Johnson,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | Case No. 11-cv-3645 (SRN/LIB)<br><br>**ORDER ADOPTING**<br>**REPORT AND RECOMMENDATION** |

Keith Bennett-Johnson, <u>pro se</u>, Federal Medical Center, P.O. Box 4000, Rochester, Minnesota, 55903, Petitioner.

David J. MacLaughlin, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota, 55415, on behalf of Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Keith Bennett-Johnson's Objection (Doc. No. 7) to United States Magistrate Judge Leo I. Brisbois' December 22, 2011, Report and Recommendation ("R & R"). (Doc. No. 4.) The Magistrate Judge recommended that Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed for lack of subject matter jurisdiction. (<u>Id.</u>) For the reasons set forth below, Petitioner's objections are overruled and the Court adopts the R & R.

## II.     BACKGROUND

On July 7, 2009, Petitioner was indicted in the Central District of Illinois for filing a

false lien against a federal probation officer, in violation of 18 U.S.C. § 1521.  (Gov'ts Resp. to Pet'rs Mot., No. 11-cv-288 (S.D. Ill. Oct. 7, 2011), Doc. No. 10, at pp. 1–2.) The case was transferred to the Southern District of Illinois because the victim was a federal officer in the Central District of Illinois.  (Mem. and Order, No. 11-cv-288 (S.D. Ill. Sept. 9, 2011), Doc. No. 6, at p. 1.)  On January 5, 2009, a jury found Petitioner guilty of filing a false lien and the Southern District of Illinois sentenced him to 41 months of prison.  (Id.)  Petitioner did not appeal the conviction and instead filed a motion to dismiss the indictment, which the court denied on Oct. 28, 2009.  (Id.)

On April 11, 2011, Petitioner filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 in the Central District of Illinois, which was transferred to Southern District of Illinois, where Petitioner was convicted and sentenced.  (Mot. to Vacate, No. 11-cv-288 (S.D. Ill. Apr. 11, 2011), Doc. No. 1, at pp. 1–16; Transfer Order, No. 11-cv-288 (S.D. Ill. Apr. 12, 2011), Doc. No. 3, at p. 1.)  The 28 U.S.C. § 2255 motion is still pending before the Southern District of Illinois.  (Order, No. 11-cv-288 (S.D. Ill. June. 12, 2012), Doc. No. 26, at p. 2.)

Petitioner is currently serving his sentence in Minnesota.  (Pet. for Writ of Habeas Corpus, Doc. No. 1, at p. 2.)  On December 20, 2011, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 with this Court.  (Pet. for Writ of Habeas Corpus, Doc. No. 1, at p. 1.)  Petitioner alleges that his sentence is unlawful because the false lien statute, 18 U.S.C. § 1521, is unconstitutional.  (Id.)  The Magistrate Judge recommended dismissing Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 for lack of subject matter jurisdiction.  (R & R, Doc. No. 4, at p. 7.)  Petitioner objects to the

recommendation. (Objection, Doc. No. 7, at pp. 2, 4, 11.)  Petitioner has also filed three subsequent motions: (1) Motion to Compel Judgment in rem; (2) Motion to Grant Relief from Illegal Imprisonment; and (3) Motion for Summary Judgment.  (Doc. Nos. 9, 11, 14.)

## III.   DISCUSSION

### A.   Standard of Review

The district court reviews de novo those portions of an R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).  The objections must be "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72; accord D. Minn. LR 72.2(b).

### B.   Objection

Petitioner objects to the Magistrate Judge's recommendation that his application for habeas corpus under 28 U.S.C. § 2241 be dismissed for lack of subject matter jurisdiction.[1]  (Objection, Doc. No. 7, at pp. 1–4.)  As the Magistrate Judge correctly noted, "[a] petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241."  Abdullah v. Hedrick, 392 F.3d 957, 959

---

[1]   Petitioner also argues that magistrate judges do not have the authority to make determinations on § 2241 actions because Congress has not given magistrate judges such authority.  The Federal Magistrates Act, however, states that a judge can "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" and the District of Minnesota Local Rules specifically states that "each United States Magistrate Judge appointed by this court is . . . authorized [to] . . . submit . . . proposed findings of fact and recommendations for the disposition of . . . applications for relief under Title 28 United States Code, Sections 2241."  28 U.S.C. § 636(b)(1)(B); D. Minn. LR 72.1(a)(iii)(2).

3

(8th Cir. 2004).  However, a petitioner can use § 2241 to challenge their conviction in the court of incarceration if the petitioner demonstrates that § 2255 relief would be "inadequate or ineffective" in the sentencing court.  28 U.S.C. § 2255; see also Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010).  The petitioner has the burden of proving that a § 2255 habeas petition in the sentencing court is "inadequate or ineffective."  Abdullah, 392 F.3d at 963–64.  A petitioner cannot satisfy this burden if he "had any opportunity to present his claim [to the sentencing court] beforehand."  Id.  If the petitioner does not meet his burden, then the "district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court."  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).

     The Magistrate Judge properly determined that the Court lacks subject matter jurisdiction. Petitioner filed a § 2241 application, challenging his false lien conviction. (Pet. for Writ of Habeas Corpus, Doc. No. 1, at pp. 1–3.)  He did not provide any reason why his § 2255 motion before his sentencing court in the Southern District of Illinois is "inadequate or ineffective."  (See Doc. Nos. 1–3, 7–14.)  Moreover, Petitioner had two procedural opportunities to challenge his conviction—he had a chance to appeal his sentence and to file a § 2255 motion, the latter of which is still pending before his sentencing court.  (Mot. to Vacate, No. 11-cv-288 (S.D. Ill. Apr. 11, 2011), Doc. No. 1, at pp. 1–16; Order, Case No. 11-cv-288 (S.D. Ill. June. 12, 2012), Doc. No. 26, at p. 2.) Therefore, the Magistrate Judge correctly determined that Petitioner failed to prove that § 2255 relief is "inadequate or ineffective" and, thus, this Court lacks subject matter jurisdiction.

### C.     Subsequent Motions

Since the Court lacks subject matter jurisdiction, the Court dismisses the entire action, including Petitioner's three pending motions.  See Fed. R. Civ. P. 12; Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.")

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections (Doc. No. 7) to the Magistrate Judge's December 22, 2011, R & R (Doc. No. 4) are **OVERRULED**;

2. The Magistrate Judge's R & R (Doc. No. 4) is **ADOPTED**;

3. Petitioner's Motion to Compel Judgment in rem (Doc. No. 9) is **DENIED**;

4. Petitioner's Motion to Grant Relief from Illegal Imprisonment (Doc. No. 11) is **DENIED**;

5. Petitioner's Motion for Summary Judgment (Doc. No. 14) is **DENIED**; and

6. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 1, 2012         s/Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge